JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE BRYANT,<br>     Plaintiff,<br><br>          v.<br><br>NISSAN NORTH AMERICA, INC.,<br>     Defendant. | 2:24-cv-03373-DSF-RAO<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Dkt. 11) |

     Plaintiff Monique Bryant moves for remand to the Los Angeles County Superior Court. Dkt. 11 (Mot.). Defendant Nissan North America, Inc. opposes. Dkt. 13 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

     "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

     Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §§ 1332, 1441.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins[.]" Dietrich v. Boeing Co., 14 F.4th 1089, 1095 (9th Cir. 2021).

The primary dispute here is whether the copy of the Case Management Conference Statement (CMS) served by Plaintiff on Nissan is an "other paper" that makes the grounds for removal "unequivocally clear and certain." Dietrich, 14 F.4th at 1095. If so, then the thirty-day removal clock began on September 6, 2023 when the CMS was served on Nissan and Nissan's April 23, 2024 removal is untimely. The CMS stated:

> Plaintiff seeks recission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorneys' fees and costs of suit, general, special, and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00.

Dkt. 11-7 (Ex. 5) at 7.

Nissan argues that this language does not make removability unequivocally clear and certain. It is boilerplate language and cannot be considered a "reasonable estimate" of the amount sought by Plaintiff. Opp'n at 8 (quoting Cohn v. PetSmart Inc., 281 F.3d 837, 840 (9th Cir. 2002) (holding that "[a] settlement letter is relevant evidence

2

in the amount of controversy if it appears to reflect a reasonable estimate of the plaintiff's claim")). The amounts specifically listed in the CMS equal $70,000. However, it is unequivocally clear and certain that the amounts implicated by the other relief requested are more than $5,000. Therefore, if the restitution damages and attorney's fees are taken seriously, then the amount in controversy threshold is reached, and removal is ascertainable from the CMS. Nissan argues that because the amounts listed in the CMS are boilerplate and used in every other case Plaintiff's counsel has filed against Nissan, the amounts cannot be considered a reasonable estimate of the amount in controversy in this case. Opp'n 9–10. But just because language is boilerplate does not mean that it is not a reasonable estimate of a claim, or that removability is not ascertainable from it.

Nissan has argued the opposite of its position in a slew of other cases. In seven other actions, Nissan has filed a notice of removal based on a CMS with identical language. In each of these cases, Nissan argued that the CMS could be used to establish the amount in controversy. See, e.g., Dkt. 14-3 (Ex. A) ¶¶10, 11; dkt. 14-4 (Ex. B) ¶¶10, 11; dkt. 14-5 (Ex. C) ¶¶10, 11; dkt. 14-6 (Ex. D) ¶¶10, 11; dkt. 14-7 (Ex. E) ¶¶10, 11; dkt. 14-8 (Ex. F) ¶¶10, 11; dkt. 14-9 (Ex. G) ¶¶10, 11.[1] Nissan also argued that the CMS was an "amended pleading,

---

[1] The Court must take judicial notice of a fact if a party requests it and supplies the necessary information. Fed. R. Evid. 201 (d). The fact must be "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (collecting cases).

Bryant's requests for judicial notice of removal notices filed by Nissan in other matters (dkt. 14-2) and orders on motions to remand (dkt. 24) in Roberto Garcia Mariscal v. Nissan North America, Inc., Case No. 2:24-cv-03668-RGK-PDx, ECF 21 (C.D. Cal. June 21, 2024) and Lilly D. Hill v.

3

motion, order, or other paper that makes the case removable[,]" triggering the thirty-day clock under 28 U.S.C. § 1446(b)(3). See, e.g., Ex. A at ¶16; Ex. B at ¶16; Ex. C at ¶16; Ex. D at ¶16; Ex. E at ¶16; Ex. F at ¶16; Ex. G at ¶16.

Nissan has adopted Bryant's position on at least seven occasions: a CMS like the one served in this action is an "other paper" from which removability can be ascertained under 28 U.S.C. § 1446(b)(3), starting the removal clock. Other courts within this district have recently granted motions to remand virtually identical to the one here. See, e.g., dkt. 24-1 (Ex. 1) 3-4 (granting motion to remand because Nissan fails to explain why grounds for removal could not be ascertained from CMS in instant case but could be ascertained in seven others); dkt. 24-2 (Ex. 2) 4 ("[Nissan] cannot have it both ways by relying on the CMS [to remove] in one case . . . and ignoring it in another"). This Court agrees that Nissan cannot have it both ways.[2] Plaintiffs' motion to remand is GRANTED.

IT IS SO ORDERED.

Date: June 28, 2024

Dale S. Fischer
United States District Judge

---

Nissan North America, Inc., Case No. CV 24-04031 PSG (SKx), ECF 15 (C.D. Cal. June 21, 2024) are GRANTED.

[2] Plaintiff requests the Court issue an order to show cause and sanctions. There is a strong presumption against the imposition of sanctions for invoking the processes of the law. See Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988) (quoting Talamini v. All-State Insurance Co., 470 U.S. 1067 (1995)). The decisions granting remand were decided after Nissan removed this case. The Court does not find it appropriate to issue an order to show cause under Rule 11(c)(3) in this case – though it is a close call.